UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21764-CIV-HIGHSMITH

MICHELLE REID,

    Plaintiff

vs.

STATE OF FLORIDA; AJMO JOLICOUER;
GISELA PICHARDO, Warden; and JOHN DOE
AND JANE DOE, unknown policy makers and
supervisors of operations and employees of the
HOMESTEAD CORRECTIONAL FACILITY,
a State of Florida Correctional Institution,

    Defendants,

_____/

## ORDER

THIS CAUSE is before this Court upon the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Pichardo in this action. This Court has also reviewed Plaintiff's Response in Opposition to the Defendant's Motion to Dismiss, Defendant's Reply in support of her Motion to Dismiss and applicable case law.

By her Amended Complaint, Plaintiff Michelle Reid ("Reid") brought seven causes of action against Defendant Gisela Pichardo ("Pichardo"). This court will analyze the causes of action (Counts I, II, V, VI, VII, VIII, and IX) that are the subject of Defendant's Motion to Dismiss. Defendant Pichardo contends that her motion to dismiss must be granted because she has qualified immunity from federal and state claims pursuant to Fla. Stat. Sec 768.28(9)(a).

## I. BACKGROUND

Plaintiff Reid alleges that sometime around June of 2004, she was incarcerated at Homestead Correctional Institute ("Homestead") where Defendant Pichardo was employed as the warden. In the following months, a male prison guard, Ajmo Jolicouer ("Jolicouer"), was assigned to a position supervising female inmates, including Plaintiff. According to Reid, Jolicouer left his assigned post while he was on duty, removed Reid from her cell, and sexually assaulted her on at least three different occasions in various locations throughout the facility, including the showers and bathrooms. Reid alleges that due to understaffing and overcrowding, the rapes went on undetected by any prison official even though Reid and Jolicouer were absent and unaccounted for during certain time periods. Reid did not report the attacks as grievances out of fear of retaliation and fear of threats made by Jolicouer after the assaults that she would be punished if she reported them. Additionally, Reid alleges that Homestead lacked an adequate grievance system, which made it difficult, if not impossible, for inmates to report harassment or attacks. As a result of the rapes that occurred, Reid became pregnant and gave birth to a child on March 8, 2005.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12 (b)(6) attacks the legal adequacy of the plaintiff's complaint and the ability to acquire relief for the stated cause of action. The motion requires this Court to accept Reid's factual allegations as true and resolve them in the light most favorable to Reid. *See Miccosukee Tribe of Indians of Fla. v. So. Everglades Rest. Alliance, 304 F.3d 1076* (11th Cir. 2002). In order to defeat a motion to dismiss, Plaintiff's allegations must be specific enough to contend a plausible cause of action that entitles her to relief. *See Bell Atlantic Corp, et al. v. Twombly et al.*, 127 S.Ct. 1955 (2007).

2

### III. LEGAL ANALYSIS

#### A. Pleading Requirement

The 11th Circuit requires a heightened level of pleading with more factual allegations in a complaint against an individual claiming qualified immunity. *See Swann v. Southern Health Partners, Inc.*, 388 F.3d 834 (11th Cir. 2004). Nevertheless, the threshold standard for a plaintiff's complaint to survive a motion to dismiss is "exceedingly low." *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir 1985); *Quality Foods de Centro America, S.A. v. Latin America Agribusiness*, 711 F.2d 989 (11th Cir. 1983). Reid has pled that Pichardo maintained a correctional facility with a known culture of inmate abuse, that lacked a proper method for inmates to file grievances, that assigned unsupervised male officers to monitor females, and did not properly discipline guards who violated prison policy. These pleadings allege sufficient facts that, if proven, would amount to, at least, deliberate indifference on behalf of Pichardo. Therefore, the complaint meets the necessary factual pleading requirement.

#### B. Qualified Immunity

In her motion to dismiss, Pichardo alleges qualified immunity as a result of her position as a state official (i.e., warden of Homestead). In order to analyze a defendant's claim of qualified immunity this Court must first decide if the plaintiff's allegations of the defendant's behavior, if taken as true, violate a constitutional right. *See Saucier v. Katz*, 533 U.S. 194 (2001). Second, this Court must determine if the right was clearly established and if a reasonable warden in Defendant Pichardo's position would have known that her behavior violated a constitutional right of Reid. *See Hope v. Pelzer*, 536 U.S. 730 (2002).

3

This court must first analyze Plaintiff's causes of action. The 11th Circuit acknowledges that repetitive or severe sexual assaults of a prisoner by a prison official can violate the Eighth Amendment. *See Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006). Similarly, the Supreme Court recognizes an established right, protected by the Due Process Clause, to be free from willful sexual assault. *See U.S. v. Lanier,* 520 U.S. 259 (1997). Furthermore, the Supreme Court has held that the United States Constitution places an affirmative duty on prison officials to prevent sexual assaults against inmates. *See Farmer v. Brennan,* 511 U.S. 825 (1984).

Here, Plaintiff's allegations, taken in the light most favorable to her, establish that Pichardo ran and maintained a facility that had a known climate of abuse, allowed male guards to have unsupervised access to female prisoners, did not adequately discipline employees for violations of established policies, and failed to provide a sufficient system for inmates to file grievances. These conditions in turn, led to repeated rapes of Reid. Because these sexual assaults on Reid violated her Eighth Amendment rights and because Reid's allegations establish that Pichardo failed to fulfill her constitutional duty, Reid sufficiently establishes constitutional violations for which Pichardo could be culpable.

The second issue regarding qualified immunity this Court must address is whether a reasonable warden in Pichardo's position would have known her actions amounted to a constitutional violation. The Supreme Court in *Farmer* held that "prison officials may be held liable for failure to remedy a risk of harm so obvious that the prison official must have known about it." *Farmer,* 511 U.S. 825 (1984). Here, taking all the allegations Plaintiff's complaint as true, Pichardo maintained a facility that allowed male guards to have unsupervised access to female prisoners and failed to maintain an adequate system for prisoners to report grievances. These

elements coupled with an overcrowded, under-staffed facility amounted to a prison environment where sexual assaults occurred and went unreported. It is foreseeable that a reasonable warden similarly situated to Pichardo would have known of her affirmative duty to prevent inmate assault and that maintaining these prison conditions created an obvious risk of such harm. Accordingly, where Plaintiff alleges a violation of her Constitutional rights and a reasonable warden in Pichardo's position would have known her behavior violated such a Constitutional right and breached a duty affirmatively placed on her by the Constitution, Pichardo is not entitled to immunity. *Farmer*, 511 U.S. 825 (1984).

### C. Federal Law Claims: Counts I and II

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege she was deprived of a right or privilege protected by the Constitution by an individual acting under color of state law. *See Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). To specifically allege a 42 U.S.C. § 1983 claim against a prison official, an inmate has to plead that the official's behavior was deliberately indifferent to the conditions and safety needs of the prisoners. *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir 1985). The inmate must also establish a causal connection between the official's behavior and her injury. *See Lamarca v. Turner*, F.2d 1526, (11th Cir 1993). The Supreme Court has defined deliberate indifference as voluntarily acting, with real or constructive knowledge, indifferently to a serious risk. *Farmer*, 511 U.S. 825 (1984). Pichardo correctly asserts that if her liability in this cause of action rests solely on the theory of respondent superior, the claim should be dismissed. *Ancata*, 769 F.2d 700 (11th Cir 1985)(*citing Estelle v. Gamble*, 554 F.2d 653 (5th Cir. 1997)(on remand from the Supreme Court decision). However, Reid claims violations of her constitutional rights, not on the basis of

respondeat superior, but as the result of Pichardo breaching a duty imposed on her by federal law. This breach, as alleged by Reid, was the result of her policy of maintaining a faulty grievance system and allowing male guards unsupervised access to female inmates which, in turn, allowed a prison guard to rape her repeatedly. If these allegations are proven, then Pichardo would be fully responsible for her actions. *Ancata,* 769 F.2d 700 (11th Cir 1985).

In her complaint, Reid alleges that the conditions and protocol used at the facility constituted deliberate indifference, which enabled a prison guard to repeatedly rape her. In *Ancata*, representative of decedent Anthony Ancata's estate sued medical personnel, the sheriff, and the county after Ancata was required to obtain two court orders in order to receive medical evaluations and treatments. This process resulted in the delayed treatment of Ancata, who was later hospitalized with leukemia and died soon thereafter. In *Ancata*, the court denied the sheriff's motion to dismiss because the plaintiff had alleged a charge of deliberate indifference regarding the medical care in that detention facility which resulted in injury and, prior to discovery, it was difficult to identify the sheriff's role in requiring court orders as a precursor to receiving medical treatment. Here, Pichardo's role is analogous to the sheriff in *Ancata* because they both played a supervisory role in a prison where inmates suffered injury due to faulty procedures and conditions. At this stage in this litigation, it is difficult to determine Pichardo's role in assigning unsupervised male guards to oversee females in sections of the prison where prisoners deserve privacy and her role in failing to maintain a proper grievance system. As a result, it would be unwarranted to dismiss Pichardo prior to discovery. *See Ancata,* 769 F.2d 700 (11th Cir. 1985). This Court finds that the facts as alleged state causes of action for violations of the Eighth and Fourteenth Amendments, and therefore Defendant's Motion to Dismiss as to Count I and Count II is DENIED.

### D. State Law Claims: Counts V, VI, VII, VIII, and IX

This Court will now address the pendent state law claims. When a federal court has jurisdiction over a case it can exercise supplemental jurisdiction over state claims that are related. *See* 28 U.S.C. § 1367. Supplemental jurisdiction is not a right afforded to a plaintiff but rather a doctrine of discretion. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1136 (1966). Supplemental jurisdiction is often exercised in fairness to the litigants, convenience, and judicial economy. *Id.* Here, because the state claims arise from the same nucleus of facts as the federal claims and judicial economy would be served by having the state claims heard in this forum, this Court will exercise its supplemental jurisdiction to address these claims.

In her Motion to Dismiss, Pichardo argues that she is immune from state claims under Fla. Stat. Sec. 768.28(9)(a). Under this statute, a state official is immune from being held personally liable for tort when she is acting within the scope of her employment. Here, however, Pichardo is being sued in her official capacity (not her individual capacity) and, as a result, is not protected by Fla. Stat. Sec 768.28(9)(a). By suing Pichardo in her official capacity, Reid has made the state the party of interest. "Official capacity suits, generally represent only another way of pleading an action against an entity of which an officer is an agent." *See Cook ex. rel. Estate of Tessier v. Sheriff of Monroe County,* Fla., 402 F.3d 1092 (11th Cir. 2005). As a result, this action is not against Pichardo personally, but rather against Pichardo as a state officer and the entity she represents, the state of Florida (or the Homestead Correctional Facility).

Subsequently, Fla. Stat. Sec. 768.28(9)(a) does not afford Pichardo immunity from the state claims. Pichardo has offered no other reason why these state claims should be dismissed and, accordingly, Defendant's Motion to Dismiss Counts V, VI, VII, VIII and IX is DENIED.

## IV. CONCLUSION

For the reasons stated above, Defendant Pichardo's Motion to Dismiss Plaintiff's Complaint is DENIED. Defendant Pichardo shall have until Friday, August 1, 2008 to file her Answer to Plaintiff's Amended Complaint.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this 16th day of July, 2008.

SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

8